UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CATHY MALCOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. |
| ) | |
| VOCA OF INDIANA, LLC, ) | |
| d/b/a RES-CARE, ) | |
| ) | |
| Defendant. ) | |

# COMPLAINT

Plaintiff, by counsel, alleges against the Defendant as follows:

1. The Plaintiff is Cathy E. Malcolm, an African American/black female who, from August 2017 through November 1, 2021, worked for Defendant VOCA of Indiana, LLC, d/b/a Res-Care at its facility located at 4410 Executive Boulevard, Fort Wayne, IN 46808.

2. Defendant VOCA of Indiana, LLC, d/b/a Res-Care is a limited liability company doing business in Allen County Indiana.

3. Defendant is an "employer" for purposes of 42 U.S.C. § 1981 and is required to treat Caucasians and minorities the same with respect to the terms, conditions, entitlements, and benefits of employment.

4. Defendant is an "employer" for purposes of the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

5. Plaintiff asked for and was allowed medical leave under the FMLA for bariatric

1

surgery and aftercare from about October 8, 2021 through November 8, 2021, and in the midst of taking that medical leave, Plaintiff was terminated on November 1, 2021.

6. Plaintiff alleges that she was denied substantive benefits of the FMLA, including medical leave for her allotted FMLA time period and the right to return to work after taking FMLA leave. Plaintiff also alleges that she was terminated in retaliation for having a serious health condition and taking medical leave for that serious health condition, and that her employment was interfered with for exercising her right to take FMLA time off, and thus, Plaintiff asserts a substantive benefit FMLA claim, an FMLA retaliation claim, and an interference FMLA claim.

7. A series of videos were taken between and among the staff and clients, one around April 26, 2019, and another around June 2, 2019. All clients who participated in the videos knew about and approved of the videos and their participation in the videos. Defendant's management was contacted to see if the videos were ok to make. The name on the TicTok video was "Cathy Kemani" (not Cathy Malcolm). Plaintiff was suspended for her participation in posting the videos and for the false and pretextual reasons of "exploitation" (false, because the clients/residents knew about and allowed the videos to be taken). Caucasian employees who participated in making and posting videos of residents were not terminated like Plaintiff. Furthermore, Plaintiff was never trained nor told not to make any such videos. Plaintiff never attended any orientations, nor was she otherwise trained on such matters. All residents/clients consented to the videos.

8. Similarly-situated Caucasian employees who had positions comparable to Plaintiffs were not disciplined or terminated for participating in similar conduct. Plaintiff was treated disparately because of her race and color, and/or because of her serious health condition and utilization of FMLA time off.

9. Similarly-situated Caucasian coworkers who participated in the same videos as Plaintiff were not terminated and were not disciplined, and on information and belief, were not taking FMLA time off.

10. Plaintiff was on FMLA from about October 12, 2021 through November 8, 2021, but was suspended on or about October 26, 2021 and then terminated on November 1, 2021.

11. Plaintiff contends that she suffered disparate discipline and was treated worse than Caucasian coworkers in violation of 42 U.S.C. § 1981, and was denied the same terms, conditions, and benefits of her employment.

12. As a result of Defendant's conduct, Plaintiff lost her job and job-related benefits including income. Plaintiff suffered financial distress, emotional distress, mental anguish, humiliation, embarrassment, pecuniary damages, and other damages and injuries for which she seeks compensatory damages.

13. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federally protected civil rights under 42 U.S.C. § 1981 and the FMLA, entitling Plaintiff to punitive damages and liquidated damages, respectively.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages, punitive damages, pecuniary damages, liquidated damages, reasonable attorney's fees

and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/ Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:    (260) 424-0712
Email: cmyers@myers-law.com;
*Attorney for Plaintiff*